1
2
3
4
5
6
7
8             **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  SANTANA E. BELMONT,                             CASE NO. 06 CV 0149 JM (LSP)
                              Petitioner,
12           vs.                                    **ORDER STAYING PETITION
                                                    PENDING FURTHER INSTRUCTION
13  J.F. SALAZAR, Warden,                           TO THE COURT FROM PETITIONER**
                              Respondent.
14

15  **BACKGROUND**

16          Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

17  Pending before the court is a Report and Recommendation ("R&R") issued by the Honorable Leo S.

18  Papas, United States Magistrate Judge.  The R&R recommends that the writ be conditionally granted

19  on the ground that erroneous jury instructions given during Petitioner's criminal trial violated

20  Petitioner's Fourteenth Amendment right to Due Process.  As set forth below, changes in the law since

21  issuance of the R&R now render the instant petition not fully exhausted.  The court is therefore unable

22  to grant relief at this time.  Accordingly, the petition is hereby stayed pending further instruction from

23  Petitioner.

24          On July 24, 2003, a jury convicted Petitioner of attempted voluntary manslaughter, assault with

25  a deadly weapon, and inflicting corporal injury to a spouse and/or roommate.  Petitioner was

26  sentenced to 8 years and 6 months in prison and another 8 years stayed.  Petitioner was convicted in

27  connection with a violent altercation with his girlfriend in a motel room during which Petitioner

28  stabbed his girlfriend in the neck.

1    Now Petitioner (1) challenges his upper term sentences under the Sixth Amendment and

2 Blakely, and (2) challenges his attempted voluntary manslaughter conviction for erroneous jury

3 instructions given in violation of his Fourteenth Amendment Due Process rights.  Both of these

4 challenges were fully presented to the state courts.  As to the Blakely claim, the California Supreme

5 Court denied review by an order which stated in full: "Petition for review denied without prejudice

6 to any relief to which defendant might be entitled after this court determines in People v. Black,

7 S126182, and People v. Towne, S125677, the effect of Blakely v. Washington (2004) ___ U.S. ___

8 124 S.Ct. 2531, on California law."  Lodgment No. 10.

9    The R&R concluded that Petitioner's Sixth Amendment claim is meritless, but recommends

10 that a certificate of appealability issue on this claim.  The R&R further concluded that the erroneous

11 jury instructions violated Due Process because the instructions allowed the jury to convict Petitioner

12 on two theories of guilt, one of which was unconstitutional.  Both parties filed timely objections.

13 **DISCUSSION**

14    The duties of the district court in connection with a magistrate judge's R&R are set forth in

15 the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636.  The district court "shall make

16 a de novo determination of those portions of the report . . . to which objection is made.  A judge of the

17 court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

18 magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980); McDonnell

19 Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1312-13 (9th Cir. 1981).  The

20 magistrate's conclusions of law are reviewed de novo, regardless of whether any party has filed

21 objections thereto.  See Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).  "If neither party

22 contests the magistrate's proposed findings of fact, the court may assume their correctness and decide

23 the motion on the applicable law."  Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).

24    A district court lacks jurisdiction to grant relief on habeas petitions containing both exhausted

25 and unexhausted claims. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 510 (1982).

26 After the R&R was issued, the United States Supreme Court vacated Black, Black v. California, 127

27 S.Ct. 1210 (U.S. Feb. 20, 2007), and decided Cunningham v. California, 127 S.Ct. 856 (U.S. Jan. 22,

28 2007) (holding that California's sentencing does violate Blakely).  Therefore, Petitioner may now

petition the California courts for relief on his Sixth Amendment claim, as expressly provided in the California Supreme Court order supra. Since Petitioner now has state remedies available to him, his petition is not fully exhausted, and this court therefore lacks power to grant relief.

The court hereby instructs Petitioner that he has the following two options.

**First Option: Formally Abandon Unexhausted Sixth Amendment Claim**. Petitioner may formally abandon his unexhausted Sixth Amendment claim and proceed solely with his exhausted Due Process claim. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). In this regard, the court notes for Petitioner that the R&R recommends that the writ be conditionally granted on the Due Process claim.

If Petitioner chooses this first option, he must file a pleading with this Court and serve it on Respondent no later than 30 days from the date this order is entered. Respondent may file a reply no later than 45 days after being served with Petitioner's pleading. Petitioner is cautioned that if he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[1] The court also brings to Petitioner's attention that the R&R recommends that the writ be conditionally granted on the exhausted Due Process claim.

**Second Option: File a Motion to Stay the Federal Proceedings**. Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted Sixth Amendment claim. Rhines v. Webber, 544 U.S.269 (2005); Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005). If Petitioner chooses this second option, he must file a pleading with this Court and serve it

---

[1] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1   on Respondent no later than 30 days from the date this order is entered.  Respondent may file a reply

2   no later than 45 days after service of Petitioner's pleading.

3   **CONCLUSION**

4        The Petition is hereby **STAYED** pending further instruction from Petitioner.  Failure to timely

5   file a pleading that informs the court of which of the above two options Petitioner chooses will result

6   in this petition being dismissed pursuant to <u>Rose v. Lundy</u>.  In light of the court's decision, both

7   parties' objections to the R&R are overruled as moot and without prejudice.

8        **IT IS SO ORDERED.**

9   DATED:  June 26, 2007

10

11                                     Hon. Jeffrey T. Miller
                                       United States District Judge

12   cc:     Magistrate Judge Papas
               All Parties

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          06cv0149