UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Santana E. Belmont, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> J.F. Salazar, Warden, ) <br> ) <br> Defendant. ) <br> ) | Civil No. 06-0149 JM(LSP) <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br> **(Doc. # 45)** |

   Petitioner Santana E. Belmont, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 14, 2009, Belmont filed a motion for appointment of counsel. For the reasons explained below, Belmont's motion is **DENIED**.

   State prisoners who file federal habeas corpus actions are not entitled to counsel under the Sixth Amendment. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Rather, a financially eligible habeas petitioner who is seeking relief pursuant to 28 U.S.C. § 2254 may receive the assistance of counsel if the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (West, 2000); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Knaubert, 791 F.2d at 728; Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990).

   The interests of justice require the court to appoint counsel to a qualifying petitioner in the event that an evidentiary hearing is required. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); 28 U.S.C. foll. § 2254. If an evidentiary hearing

1 is not required, the appointment of counsel is left to the discretion of the court.  <u>Terrovona</u>, 912 F.2d at
2 1177; <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994); <u>Battle</u>, 902 F.2d at 702.

3      In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled
4 to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is
5 necessary to prevent due process violations."  <u>Chaney</u>, 801 F.2d at 1196 (quoting <u>Kreiling v. Field</u>, 431
6 F.2d 638, 640 (9th Cir. 1970) (holding that a pro se habeas petitioner is not entitled to appointed
7 counsel)).  In determining whether appointed counsel is necessary to prevent due process violations, a
8 court should "consider the legal complexity of the case, the factual complexity of the case, the
9 petitioner's ability to investigate and present his claim, and any other relevant factors."  <u>Abdullah v.</u>
10 <u>Norris</u>, 18 F.3d at 573.  In its inquiry, the court "is required to construe a pro se petition more liberally
11 than it would construe a petition drafted by counsel."  <u>Knaubert</u>, 791 F.2d at 729.  The court also must
12 employ procedures that are "highly protective of a pro se petitioner's rights."  <u>Id.</u>

13      On April 27, 2009, the Court ordered that on or before July 1, 2009, Respondent shall submit
14 briefing regarding whether <u>Cunningham v. California</u> 549 U.S. 270 (2007) and <u>Hedgpeth v. Pulido</u> 129
15 S.Ct. 530 (2008) have an effect on the Report and Recommendation that was filed on October 10, 2006.
16 Petitioner was given until August 3, 2009 to respond to Respondent's briefing.  In light of the Court's
17 April 27, 2009 Order, on May 14, 2009, Petitioner requested appointment of counsel because he is
18 unable to access the cases noted above.  The Court has sent Petitioner, under a separate cover, the
19 <u>Cunningham</u> and <u>Hedgpeth</u> cases.  Thus, the interests of justice do not require the appointment of
20 counsel at this point in the proceedings.  Belmont's Motion for Appointment of Counsel is **DENIED.**

21      **IT IS SO ORDERED.**

23 DATED:  May 26, 2009

                                                              Hon. Leo S. Papas
                                                              U.S. Magistrate Judge